**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

```
JAMEISHA MCCRAY                          :
3215 W Berks Street                      :
Philadelphia, PA 19121                   :
                                         :
                                         :
          Plaintiff,                     :      CIVIL ACTION NO.: _____
                                         :
     v.                                  :      JURY TRIAL DEMANDED
                                         :
IZZY BEAUTY LLC d/b/a EUROPEAN           :
WAX CENTER                               :
293 S 13th Street                        :
Philadelphia, PA 19107                   :
                                         :
                                         :
          Defendant.                     :
```
---

## COMPLAINT – CIVIL ACTION

Plaintiff Jameisha McCray ("Plaintiff"), by and through her undersigned counsel, for her

Complaint against Izzy Beauty LLC d/b/a European Wax Center ("Defendant"), alleges as

follows:

## NATURE OF THE ACTION

1.     Plaintiff brings this complaint contending that Defendant violated Plaintiff's

rights protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et*

*seq.*, and 42 U.S.C. § 1981 ("Section 1981"), by terminating Plaintiff on the basis of her race

(African American), in violation of Title VII and Section 1981.

## JURISDICTION AND VENUE

2.      On or about June 29, 2023, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") thereby satisfying the requirements of 42 U.S.C. 2000e5(b) and (e).  Plaintiff's EEOC charge was docketed as EEOC Charge No. 530-2023-07019.  Plaintiff's EEOC Charge was filed within three hundred (300) days of the unlawful employment practice.

3.      By correspondence dated November 20, 2025, Plaintiff received a Notice of Rights to Sue from the EEOC regarding her Charge, advising her that she had ninety (90) days to file suit against Defendants.

4.      Plaintiff filed the instant action within the statutory time frame applicable to her claims.

5.      Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

6.      This action is authorized and initiated pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981 ("Section 1981").

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

8.      The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as Defendant conducts business therein and the events giving rise to this action occurred in this district.

**PARTIES**

9.      Plaintiff currently resides at 629 Yewdall Street Philadelphia, PA 19143.

10.     Upon information and belief, Defendant is a for-profit company organized and existing under the laws of the state of New Jersey, with a registered office address of 2616 River Road Manasquan, NJ 08736.

11.     Upon information and belief, Defendants operate throughout the Commonwealth of Pennsylvania, including this judicial district.

## FACTUAL ALLEGATIONS

12.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

13.     Plaintiff began her employment with Defendant in or about July 2022 in the position of Receptionist at Defendant's location at 203 S 13th Street Philadelphia, PA 19107.

14.     Throughout the course of Plaintiff's employment, she performed her job well, receiving positive feedback on his performance, occasional praise, and no justifiable discipline.

15.     By way of background, Plaintiff is African-American.

16.     Throughout the course of her employment with Defendant, Plaintiff as well as Defendant's other African-American employees were subjected to racially motivated and discriminatory treatment by Defendant's owner Jackie Donofrio.

17.     By way of example, Ms. Donofrio, who is not African-American, would use the n-word among African-American staff.

18.     Furthermore, Ms. Donofrio would permit Defendant's Caucasian employees to have frequent call-outs without consequence.

19.     Upon Plaintiff's request for time off for a medical appointment, however, Ms. Donofrio told Plaintiff to, "get the fuck out!"

3

20.     Moreover, Ms. Donofrio would frequently ignore African-American employees, including Plaintiff, when they would attempt to speak with her, but would respond to Defendant's Caucasian employees.

21.     On or about September 20, 2022, Plaintiff complained to Ms. Donofrio that she felt targeted on the basis of her race and that it was unfair for Ms. Donofrio to give preferential attention to Defendant's Caucasian employees.

22.     In response, Ms. Donofrio started to yell, which caused Plaintiff to begin to cry and experience symptoms of a panic attack.

23.     As a result thereof, Plaintiff requested permission to call out.

24.     Ms. Donofrio then proceeded to throw a heater at Plaintiff, which struck her, while yelling "get out!"

25.     While waiting outside for her mother to pick her up, Ms. Donofrio called security despite Plaintiff having complied with her directives.

26.     On or about September 20, 2022, Defendant terminated Plaintiff's employment in response to her good-faith report of race discrimination.

27.     Following Plaintiff's termination, on or about September 28, 2022, Plaintiff visited her former co-worker Kaseem Starkey.

28.     During this visit, Ms. Starkey had a conversation with Ms. Donofrio over the phone in which Ms. Donofrio called Ms. Starkey the n-word.

29.     The following day, on or about September 29, 2022, Defendant terminated Ms. Starkey's employment as well.

30.     It is believed and therefore averred that Defendant subjected Plaintiff to disparate and discriminatory mistreatment by terminating Plaintiff from employment because of her race

4

and in retaliation for her good-faith report of race discrimination, in violation of Title VII and Section 1981.

31.    As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, loss of potential bonuses, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to her reputation.

**COUNT I**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**42 U.S.C. § 2000e,** *et seq.*
**<u>DISCRIMINATION & RETALIATION</u>**

32.    The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

33.    Defendant employed at least fifteen (15) employees at their various locations at all times relevant hereto.

34.    Plaintiff is African-American and as such is a member of a class protected under Title VII from unlawful discrimination or harassment because of race.

35.    Defendant subjected Plaintiff to disparate and discriminatory mistreatment on the basis of her race, in violation of Title VII.

36.    By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated Title VII by terminating Plaintiff's employment on the basis of her race.

37.    Defendant acted with reckless indifference to Plaintiff's civil rights and emotional and physical wellbeing.

38.    As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress, damage to reputation, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00).

B.    Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00), and sufficient to punish Defendants for their intentional, negligent, willful, wanton, and/or malicious conduct;

C.    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D.    Pre-judgment interest in an appropriate amount; and

E.    Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**SECTION 1981**
**42 U.S.C. § 1981**
**DISCRIMINATION & RETALIATION**

39.    The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

40.    Plaintiff avers that Defendant discriminated against her with respect to the terms and conditions of her employment on account of her race, by terminating her from employment because of her race.  Plaintiff has suffered damages and seeks relief for these willful adverse actions.

41.    Defendant's actions as aforesaid constitute violations of 42 U.S.C. § 1981.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgement in her favor and against Defendants, and grant her the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B.    Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00), and sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.    Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D.    Pre-judgment interest in an appropriate amount; and

E.    Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,


**MURPHY LAW GROUP, LLC**


By:    */s/ Johannes Hoffman*
Johannes Hoffman, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021

7

jhoffman@phillyemploymentlawyer.com
Attorneys for Plaintiff

Dated: February 3, 2025

## DEMAND TO PRESERVE EVIDENCE

Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.